# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MARYLAND
# BALTIMORE DIVISION

IN RE:

    JULIE B ECKLEY                               CASE NO. **11-11303**
  Debtor                                            CHAPTER 7
                                                             JUDGE NANCY V ALQUIST

FIA CARD SERVICES, N.A.
Plaintiff,

v.

JULIE B ECKLEY,
Defendant,

### COMPLAINT TO DETERMINE THE NON-DISCHARGEABILITY
### OF DEBT TO FIA CARD SERVICES, N.A.

The Plaintiff FIA Card Services, N.A, through its attorney Lawrence G Reinhold of Weinstein & Riley, P.S., states as follows:

### First Claim for Relief
### Non-Dischargeability of Debt

1.    This is a complaint to determine the dischargeability of certain indebtedness owed to FIA Card Services, N.A., formerly known as Bank of America, N.A. by Defendant JULIE B ECKLEY. This complaint is filed pursuant to Federal Rule of Bankruptcy Procedure 7001(6).

2.    This Court has jurisdiction in this adversary proceeding pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334 since this proceeding arises in the above-captioned Chapter 7 case currently pending in this federal judicial district. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

3.    FIA Card Services, N.A. was a National Banking Association at the time the debts were incurred and is now a subsidiary Bank of America Corporation and remains an FDIC insured institution.

4.    At all times mentioned, FIA Card Services, N A. granted to JULIE B ECKLEY

an extension of consumer credit under an open end credit plan in the form of a credit account bearing Account No. xxxx-6612. A true and correct copy of the Statement of Account is attached hereto and made a part of this complaint.

5. JULIE B ECKLEY utilized the aforementioned line of credit which had a credit limit of $ 25,000.00 creating a balance due and owing on this account of $ 6,944.72 including interest as of the date of the entry of the Order for Relief.

6. JULIE B ECKLEY did not schedule the debt as disputed.

7. On November 25, 2010, 59 days before the entry of the Order for Relief in this matter, JULIE B ECKLEY obtained a cash advance in the amount of $ 3,500.00 with fees of $ 105.00.

8. JULIE B ECKLEY's debt is a "consumer debt" as defined by 11 U.S.C.§ 101(8) in that the extension of credit was for personal, family or household use.

9. Cash Advances aggregating more than $ 875.00 that are an extension of cunsumer credit under an open end crdit plan obtained by an individual debtor on or within 70 days before the order for relief under Title 11 of the United States Code are presumed to be non-dischargeable pursuant to 11 U.S.C. 523 (a)(2)(C)(i)(II).

10. JULIE B ECKLEY set forth in the schedules monthly expenses in the amount of $ 3,685.00 and a net monthly income of $ 3,688.18 which leaves $ 3.18 each month for the payment of credit card debt and unsecured debt which totaled $ 49,994.00.

11. JULIE B ECKLEY has listed $ 49,994.00 in credit card, unsecured and line of credit debt in the schedules.

12.     JULIE B ECKLEY set forth in the schedules assets of $ 30,546.00 and liabilities of $ 49,994.00 which renders JULIE B ECKLEY insolvent pursuant to 11 U.S.C. § 101(32). *In Re Boydston*, 520 F.2d 1098, (5th Cir.1975).

13.     From November 25, 2010, until the entry of the Order for Relief 59 days later JULIE B ECKLEY made 2 payments on the account totaling $ 210.00 which represents 3.02% of the account balance of $ 6,944.72 and 5.82 % of the extension of credit totaling $ 3,605.00.

14.     JULIE B ECKLEY did not use the equity in real property to satisfy any of the unsecured debt due FIA Card Services, N.A..

15.     Each time that JULIE B ECKLEY used the FIA Card Services, N.A. credit card, JULIE B ECKLEY necessarily or concomitantly manifested either an actual or implied representation to repay the extension of credit.  *Rembert v AT&T Universal Card Services, Inc.( In Re Rembert),* 141 F.3d. 277, (6th Cir. 1998); *AT & T Universal Card Services v Mercer,* (*In Re Mercer*), 2456 F.3d 391, (5th Cir. 2001); *Citibank (South Dakota), N.A. v Eashai,( In Re Eashai)*, 87 F.3d. 1082, at p 1088 (9th Cir. 1996).

16.     FIA Card Services, N.A. justifiably relied upon JULIE B ECKLEY's representations of repayment.

17.     FIA Card Services, N.A. was induced to lend money to JULIE B ECKLEY by the representations of repayment and has suffered damage in the amount of $ 3,605.00 and this reliance was the proximate cause of the loss suffered by FIA Card Services, N.A..

18.     By obtaining and or accepting an extension of credit from FIA Card Services, N.A. JULIE B ECKLEY did not have an intention to repay the $ 3,605.00 and

JULIE B ECKLEY was cognizant of the fact that JULIE B ECKLEY did not have the ability nor intention to repay the debt in full to FIA Card Services, N.A..

19. By reason of the foregoing, JULIE B ECKLEY obtained money from FIA Card Services, N.A. through a material misrepresentation of her intention to repay the debt which as of the time the debt was incurred JULIE B ECKLEY knew to be false or which JULIE B ECKLEY made with gross recklessness as to its truth.

20. JULIE B ECKLEY, therefore, had a specific intent to deceive FIA Card Services, N.A.by accepting the benefits of the extension of credit without ever intending to repay the same.

21. Pursuant to 11 USC § 523(a)(2), JULIE B ECKLEY obtained money, property, services, or any extension or renewal, or refinancing of credit by false pretenses, a false representation, or actual fraud and JULIE B ECKLEY should not be granted a discharge of this debt to FIA Card Services, N.A. in the amount of  $ 3,605.00.

WHEREFORE, FIA Card Services, N.A. asks that this Court grant the following relief:

1. An order determining that such debt is non-dischargeable under 11 USC § 523(a)(2);

2. A judgment in favor of FIA Card Services, N.A. and against JULIE B ECKLEY n the amount of $ 3,605.00, plus accrued interest at the contractual rate from and after November 25, 2010, plus additional interest at the contractual rate, which will continue to accrue until the date of judgment herein, together with costs;

3.      Such other and further relief as this Court deems just and equitable.

                                               **WEINSTEIN & RILEY, P.S.**

Dated: May 2, 2011                /s/ *Lawrence G Reinhold*
**LAWRENCE G REINHOLD**
Attorney for FIA Card Services, N.A.
525 Rocky Hollow Drive
Akron, Ohio 44313-5945
(330) 869-2833
facsimile number: (330) 869-2844
lawrencer@w-legal.com
Federal Bar Number: 29057